UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| EDWARD H. DANIELS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-0387 PS |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Edward Daniels, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Daniels is serving a six year sentence for his 2002 Henry County conviction for dealing in a controlled substance and neglect of a dependent. Because the petitioner did not exhaust his state court remedies, the court must deny this petition.

On September 19, 2002, Daniels pled guilty to dealing in a schedule IV controlled substance and neglect of a dependent, and the court sentenced him to six years imprisonment, with six years suspended, and probation for three years. On December 31, 2003, the trial court revoked the suspended sentence and ordered Daniels to serve his six year sentence. Daniels filed an appeal from the revocation of his suspended sentence, but the appeal was dismissed on August 30, 2004, because he did not timely file his appellate brief. On March 11, 2005, Daniels filed a state petition for post-conviction relief (PCR), but withdrew it without prejudice on June 7, 2005. Daniels filed the present petition for writ of habeas corpus on June 7, 2005.

The respondent argues that Daniels's claims are barred because he failed to exhaust his state court remedies. Daniels claims that he attempted to exhaust all of his available state court remedies, but "has repeatedly had the door to justice closed in his face due to prosecutorial and governmental misconduct by members of the Henry Circuit Court." (Traverse at p. 7). Although Daniels filed an appeal in state court, the appeal was dismissed because he did not file his materials on time. In his traverse, he states that the appellate materials were not timely filed because he did not have counsel even though he sought the appointment of one. (Traverse, at p. 5). As mentioned above, after his appeal was dismissed, Daniels filed a state PCR petition but he withdrew his petition without prejudice.[1]

Section 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Failure to exhaust available state court remedies is a doctrine that is a close cousin to the doctrine of procedural default. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004); *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). When a petitioner has failed to exhaust his state court remedies, a federal court has the option to deny the petition on the merits, *see* 28 U.S.C. § 2254(b)(2), or dismiss it without prejudice. *Perruquet*, 390 F.2d at 514.

---

[1] Because he withdrew his petition for post-conviction relief without prejudice, he may yet be able to present some issues to the state courts. Indeed, something seems to have went awry in Daniels's appeal. He never had one because the state court never acted upon his motion for the appointment of appellate counsel. This may be a valid ground for relief, but Daniels needs to present the matter to the state courts in a properly filed PCR, not to this Court in the first instance.

A petitioner who has not exhausted his state court remedies may nonetheless proceed in federal court if there is an absence of corrective measures available in the state or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1)(B)(I) and (ii). Daniels presents nothing in his petition that suggest that Indiana does not have corrective measures that are available to him or that the process that they do have is somehow ineffective. Indeed, although Daniels filed a PCR, he dismissed it less than three months later. In no way does this demonstrate that Indiana does not have corrective measures available to him. In his traverse, Daniels "claims actual innocence of these charges," (Memorandum in support of Traverse at p. 8), and suggests that the prosecutor withheld key pieces of evidence showing his innocence. But we are dubious of this claim since Daniels pled guilty to the charges against him.

In sum, Daniels did not exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A). Accordingly, the court denies the petition without prejudice.

SO ORDERED.

DATED: December 6, 2006

S/ Philip P. Simon
Philip P. Simon, Judge
United States District Court