UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EDWARD H. DANIELS, | ) |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:05-CV-0387 PS |
| ED BUSS, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Edward Daniels filed a notice of appeal and a request for a Certificate of Appealability in this case. To obtain a Certificate of Appealability, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n.2 (5th Cir. 1971), *cert. denied*, 406 U.S. 925 (1972)); *see also Stuart v. Gagnon*, 837 F.2d 289 (7th Cir. 1987). The court's discretion on whether to grant or deny a Certificate of Appealability is the best vehicle of separating meritorious from frivolous appeals. *Barefoot v. Estelle*, 463 U.S. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id.* at 893 n.4 (quoting *Gordon v. Willis*, 516 F.Supp. 911, 913 (N.D.Ga. 1980)); *see also United States ex rel. Calhoun v. Pate*, 341 F.2d 885 (7th Cir.), *cert. denied*, 382 U.S. 945 (1965).

This court denied Mr. Daniels's petition because it concluded that he had not exhausted his state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A). In his petition for

certification of appealability, Mr. Daniels reiterates that he withdrew his petition for post-conviction relief, "thereby not exhausting all of his state court remedies." (Petition at p. 2).

Because Mr. Powers concedes that he did not exhaust his state court remedies, none of the issues presented to the Court present a question that is debatable among jurists of reason. *See Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995). Where the court denies a certificate of appealability because petition was without merit, then it should deny *in forma pauperis* status on appeal because the appeal is not taken in good faith. *See Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

For the foregoing reasons, the court **DENIES** the petitioner's petition for a Certificate of Appealability (docket #27) pursuant to Rule 22(b), Federal Rules of Appellate Procedure. The Court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, the applicant for the writ may then request issuance of the certificate by a circuit judge.

SO ORDERED.

DATED: January 17, 2007

                                       S/ Philip P. Simon
                                       Philip P. Simon, Judge
                                       United States District Court